**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**DOMINGO MOREL,**

                      **Petitioner,**                      03 CV 3949 (NG) (RML)
  - against -

                                                          **ORDER**

**W.C. PHILLIPS,** *Superintendent*,

                      **Respondent.**
-------------------------------------------------------x

**GERSHON, United States District Judge:**

Petitioner Domingo Morel brings this petition *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his June 22, 2000 conviction after a jury trial of Manslaughter in the First Degree, in violation of N.Y. Penal Law § 125.20(1), arising out of an incident in which petitioner stabbed a man during an argument over a parking space. Petitioner was tried for second-degree murder and lesser included offenses. At trial, the defense acknowledged that petitioner had stabbed the victim and argued that he acted recklessly and in self defense in the heat of the circumstances and lacked the requisite intent. Petitioner was sentenced to an indeterminate term of imprisonment of twelve and one-half to twenty-five years.

Through counsel, petitioner appealed the judgment of conviction to the Appellate Division, Second Department, claiming (1) that the prosecutor's misconduct in cross-examination and summation purposefully denigrated his character and inflamed the jury against him, in violation of his due process right to a fair trial; (2) that the trial court's rulings, which excluded his statement to the police that tended to show a lack of intent and admitted a photograph of the stab wound that also depicted a large surgical incision, were violations of his due process right to a fair trial; and (3) that the sentence was unduly harsh, since petitioner had only one prior conviction and the stabbing erupted in the heat of an argument.

On September 23, 2002, the Appellate Division unanimously affirmed the conviction, holding that petitioner's "claims of alleged improprieties in the prosecutor's cross-examination of him and in summation [were] unpreserved for appellate review" because he "failed to object, raised only general objections, and did not ask for curative instructions or move for a mistrial based on the sustained objections." *People v. Morel*, 297 A.D.2d 757 (2d Dep't 2002) (citing N.Y. Crim. Proc. Law § 470.05(2)). The Appellate Division also held that the Supreme Court properly precluded as hearsay statements petitioner made to a police detective, "providently exercised its discretion in admitting into evidence a photograph depicting the fatal wound," and did not impose an excessive sentence. *Id.* Leave to appeal to the Court of Appeals was denied on December 23, 2002. *People v. Morel*, 99 N.Y.2d 561 (2002).

In his petition for a writ of habeas corpus, petitioner raises the identical claims he raised on direct appeal before the Appellate Division. In his reply to the government's opposition to his petition, petitioner also claims ineffective assistance of trial counsel based on counsel's failure to preserve the objections to the prosecutor's alleged improprieties for appellate review. For the following reasons, the petition is denied.

## BACKGROUND

On the evening of October 9, 1997, petitioner and Jose Marin got into an argument over a parking spot, after which petitioner drove quickly away from the scene, through a red light and going the wrong way on a one-way street, where he stopped and spoke briefly with a police officer. A short time later that same evening, petitioner returned to the same neighborhood to pick up a friend and again encountered Marin. Marin and petitioner once again sought to occupy the same parking space,

and a fist fight ensued. Petitioner testified at trial that he felt something stab him in the leg during the fight. He turned and saw Marin holding a screwdriver-like object. Photographs introduced at trial showed scrapes on petitioner's arms and torso and a larger laceration in the area of petitioner's buttocks, and a screwdriver was recovered at the scene. At some point during the fight, petitioner went to the trunk of his car and retrieved a knife. As the fight continued, petitioner stabbed Marin in the chest. After this, petitioner returned to his car and drove away. Petitioner turned himself in to police that same evening. Marin was taken to the hospital and subsequently died. At trial, petitioner acknowledged that he stabbed Marin but claimed that he acted in self defense. Defense counsel argued in summation that petitioner's actions were in self-defense after Marin attacked him with a screwdriver, and, alternatively, that he acted recklessly.

## DISCUSSION

Petitioner's first claim, that he was deprived of a fair trial by the prosecutor's conduct in cross-examination and summation, is procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722 (1991). The state court found that his claims of alleged improprieties in the prosecutor's cross-examination and summation were unpreserved for appellate review because he failed to object, raised only general objections and did not ask for curative instructions or move for a mistrial based on the sustained objections. This ruling constitutes an adequate and independent state law ground disposing of the claim. In his reply, petitioner claims that his trial counsel was ineffective, which might provide cause for the procedural default. However, other than petitioner's conclusory statement that his attorney should have been deemed incompetent for failing to preserve the issue, petitioner provides no basis to conclude that counsel's performance fell below the objective standard of reasonableness

3

dictated by prevailing professional norms. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).

Furthermore, petitioner cannot demonstrate the requisite prejudice. The court has reviewed the alleged improprieties in the cross-examination and summation, as detailed in petitioner's state appellate brief, and concludes that counsel's conduct cannot be deemed constitutionally ineffective, because, even had there been objections or motions for mistrial, there was no constitutional violation in the prosecutor's conduct. Once the defendant took the stand, the prosecutor was entitled to engage in rigorous cross-examination and to develop her theory of the case, based upon a fair reading of the evidence, on summation. That her theory related to defendant's state of mind and addressed her position as to his motivations did not make her comments constitutionally improper.

The remainder of petitioner's claims were denied on the merits by the Appellate Division. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-32, 110 Stat. 1214, this court may not grant habeas corpus relief with respect to these claims unless the state court decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court need not set forth the legal basis for resolution of federal claims in order for the broadly deferential standard set out in AEDPA to apply. *See Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001). Rather:

> [T]he plain meaning of § 2254(d) (1) dictates [that for] the purposes of AEDPA deference, a state court "adjudicate[s]" a state prisoner's federal claim on the merits when it (1) disposes of the claim "on the merits," and (2) reduces its disposition to judgment. When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim – even if the state court does not explicitly refer to either the federal

claim or to relevant federal case law.

*Id.*, 261 F.3d at 312.

As a preliminary matter, the admissibility of evidence is a question of state law. Even if the trial court's rulings were erroneous as a matter of New York law, this alone would not be sufficient to merit federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). To the extent these claims can be read to allege violations of petitioner's federal due process rights, the state court's rejection of them did not constitute an unreasonable application of clearly established Supreme Court precedent. *See Sellan*, 261 F.3d at 311-12. The relevant inquiry with respect to federal law is whether the challenged evidentiary rulings so infected the proceedings with unfairness as to render the trial fundamentally unfair. *See Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998). The Appellate Division's ruling that the probative value of the photograph of the stab wound was not outweighed by its prejudicial effect was not an unreasonable application of this standard. The photograph, when taken in connection with the testimony of the medical examiner, was probative of the question of intent, an essential element of the case. *See Estelle*, 502 U.S. at 68-69. Similarly, the Appellate Division's ruling that petitioner's statement to the police was properly excluded as hearsay also did not unreasonably apply federal law. Petitioner sought to offer into evidence his statement to an officer at the precinct where he had turned himself in, in which he asked what had happened to Marin. Upon being told that Marin had died, petitioner responded, "He didn't die from me stabbing him. I didn't hurt him that bad. Someone else killed him." The trial court concluded that the statement, made after petitioner learned that Marin had died, was a calculated statement shifting the blame to someone else, and excluded it as hearsay. The Appellate Division's decision affirming this ruling was not an unreasonable application of clearly established federal law.

Finally, petitioner's claim that his sentence is excessive is denied. As an initial matter, petitioner did not claim that his sentence deprived him of any federal constitutional right in his prior state court proceedings, so he has failed to exhaust the federal claim. *See* 28 U.S.C. § 2254(b)(1)(A). In any event, the claim is without merit. No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); N.Y Penal Law § 70.02(3)(a).

## CONCLUSION

The petition is denied in its entirety. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**

**/s/**
**NINA GERSHON**
**United States District Judge**

**Dated: May 17, 2005**
       **Brooklyn, New York**